1  GARY E. SLATER (State Bar No. 99141)
   TIMOTHY J. TRUXAW (State Bar No. 106428)
2  SLATER & TRUXAW, LLP
   15373 Innovation Drive, Suite 210
3  San Diego, California 92128
   Tel.:   (858) 675-0755
4  Fax:   (858) 675-0733
   F:\Data\BK\9321\Pleadings\Motion to Convert Case\MOTION.wpd
5

6  Attorneys for Official Committee of Unsecured Creditors

7

8

9               UNITED STATES BANKRUPTCY COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11  In re                            )   Case No. **08-13249-LA11**
                                     )
12  BARRATT AMERICAN                 )   [Jointly Administered with Case Nos.
    INCORPORATED,                    )   08-13254-LA11; 08-13259-LA11; and
13  a Delaware corporation; and its  )   08-13264-LA11]
    jointly administered entities,   )
14                                   )   Chapter 11 Proceeding
              Debtors and            )
15            Debtors-in-Possession  )   MOTION OF THE OFFICIAL
    _____    )   COMMITTEE OF UNSECURED
16                                   )   CREDITORS TO CONVERT
    Affects:                         )   CASES TO CHAPTER 7
17  ☒    All Debtors                 )
    ☐    Barratt American Incorporated )  Date: May 28, 2009
18  ☐    Barratt Investments Incorporated ) Time: 2:30 p.m.
    ☐    Barratt USA Holdings, Inc.  )   Dept: Two, Rm. 118
19  ☐    BAMC Mortgage Company       )   Judge: Hon. Louise DeCarl Adler
                                     )
20  _____    )

21       TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

22       **PLEASE TAKE NOTICE** that on May 28, 2009, at 2:30 p.m., or as soon thereafter as

23  the matter may be heard, the Official Committee of Unsecured Creditors (the "Committee") will

24  and does hereby move the Court for an order converting the jointly administered chapter 11 cases

25  (the "Cases") of Barratt American Incorporated ("Barratt American"), Barratt Investments

26  Incorporated ("Barratt Investments"), Barratt USA Holdings, Inc. ("Barratt USA") and BAMC

27  Mortgage Company ("BAMC"), together hereinafter collectively called the "Debtors," to cases

28  under chapter 7 of Title 11, United States Code (the "Code"), on the grounds that cause exists

within the meaning of § 1112(b) of the Code.

First, the Debtors have acted in bad faith. Debtors have failed to disclose and to obtain Court approval for payments of insider compensation contrary to the Local Rules of the Court and the United States Trustee Guidelines. They have paid pre-petition debt without Court authorization, and have engaged in post-petition borrowing and/or transfers without Court approval. They have failed to voluntarily, timely and candidly schedule and disclose assets which are property of their bankruptcy estates and other financial information. They have failed to timely and accurately provide the Committee with financial information.

Second, there has been a continuing loss to and diminution of the estate. Among other things, this loss has been the result of unauthorized Debtor payments referred to above. It has also been caused by unreasonably high staffing levels and unreasonably high and unapproved insider compensation. Further, Debtors are operating post-petition at a steadily increasing cumulative net loss.

Third, although the Cases have been pending for four months, Debtors have failed to propose any disclosure statement or plan of reorganization pursuant to § 1112(b)(4) of the Code. Reorganization under chapter 11 would be objectively futile under the circumstances since all new home building and sales operations have ceased and there is no going-concern value to preserve.

In light of the foregoing and the matters set forth in the pleadings filed and served herewith, conversion would be in the best interests of the creditors of these estates.

The Motion is supported by the concurrently filed Notice of Hearing and Motion, by the memorandum of points and authorities, the supporting declaration of Timothy J. Truxaw, attached exhibits, and the request for judicial notice filed and served herewith, together with all pleadings and papers on file in these jointly administered Cases, and upon such other oral and written evidence as may be submitted to the Court at or prior to the hearing on the Motion.

Dated: April 22, 2009                                    SLATER & TRUXAW, LLP


By:  /s/ Gary E. Slater
         Gary E. Slater
     Attorneys for the Official
     Committee of Unsecured Creditors